**SO ORDERED.**

**SIGNED this 07 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JANE PRIDGEN WARD,

       Debtor.                        **Case No. 05-05333-8-JRL
                                       Chapter 7**

IN RE:

LORIN NEWTON WARD,

       Debtor.                        **Case No. 05-05126-8-JRL
                                       Chapter 13**

_____

## ORDER

      This matter is before the court on the debtor Lorin Ward's amended motion to sell property and the debtor Jane Ward's motion to reconsider. The motion to reconsider is based on the court's previous order, dated May 23, 2006, allowing Lorin Ward to sell his real property. In the interest of judicial economy, the court conducted one hearing for both motions on July 19, 2006 in Wilmington, North Carolina.

      On May 11, 2006, Mr. Ward filed an amended motion to sell his interest in real property located

in Kelly, North Carolina.[1] On May 17, 2006, the court conducted a hearing on several motions and subsequently entered an order granting Mr. Ward's motion to sell real property. A creditor in Mrs. Ward's bankruptcy case, Branch Banking & Trust Company ("BB&T"), had previously filed a motion seeking relief from the automatic stay to allow it to complete a foreclosure of the real property in question. On May 17, 2006, the court conducted a hearing in that case and determined that the motion for relief from stay was moot, as Mr. Ward intended to sell the property and use the proceeds to satisfy the debt to BB&T.

On June 5, 2006, Mrs. Ward filed a motion to reconsider the court's order in Mr. Ward's case, as the time period had not expired for interested parties to object to his amended motion to sell. Mrs. Ward also asserts that the proposed sale is for an amount less than the fair market value and the proposed purchaser is a close friend of Mr. Ward.

At the hearing, Mr. Ward's attorney informed the court that his client is no longer interested in selling the real property but would prefer to continue making monthly payments according to the terms of his Chapter 13 plan. As notice of Mr. Ward's decision to keep his property was not provided to creditors, the court found that a motion to set aside must be filed by Mr. Ward in order to give interested parties an opportunity to be heard on the issue of suspending efforts to sell the property.

Based on the foregoing, the court deferred ruling on the motion to reconsider and the amended motion to sell until Mr. Ward filed a motion to set aside the court's previous order. On July 27, 2006, Mr. Ward filed a motion to set aside the portion of the court's May 23, 2006 order that granted his

---

[1] Responses were due by June 5, 2006.

motion to sell real property. Accordingly, the clerk is directed to schedule the motion to set aside for a hearing, together with Mr. Ward's amended motion to sell and Mrs. Ward's motion to reconsider.

"End of Document"